UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRACY PEREZ,

    Plaintiff,

v.                                            Case No.:  2:23-cv-858-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff Tracy Perez challenges the Commissioner of Social Security's decision denying her application for disability benefits under 42 U.S.C. § 405(g). (Doc. 14.)[1] For the reasons below, the Commissioner's decision is reversed.

Perez filed for benefits in 2019. (Tr. 296-97.) Her application was denied initially and again on reconsideration. Perez then exercised her right to a hearing before an Administrative Law Judge ("ALJ"), who issued the unfavorable decision now under review. (Tr. 10-30.)

"The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

The claimant bears the burden of proof through step four. *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015). The burden then temporarily shifts to the Commissioner. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g). If the Commissioner presents evidence of other work in significant numbers in the national economy that the claimant can perform, only then does the burden shift back to the claimant to prove she cannot perform such jobs. *Atha*, 616 F. App'x at 933.

Perez raises multiple issues on appeal, but the Court addresses only one since it will require remand: whether the ALJ failed to resolve a conflict between the reasoning level for the jobs she identified that Perez could perform and the RFC. (Doc. 14 at 19-22.) Relevant to this issue are the mental limitations in Perez's RFC:

2

> **The claimant can understand, remember, and carry out detailed, but non-highly complex instructions and tasks**. The claimant can make judgments regarding work-related decisions, complete tasks in a timely manner, and manage routine job stressors. The claimant can maintain a routine work schedule and handle changes in non-highly complex job environments. The claimant can control their emotions in a work environment. The claimant can respond appropriately to the public, supervisors, coworkers, and work situations. **The claimant can complete detailed instructions consistent with these related mental functions**.

(Tr. 20) (emphasis added).

At step five, relying on the testimony of a vocational expert (VE), the ALJ identified four jobs that Perez could perform given her RFC: receptionist (DOT code 237.367-010), customer service rep (DOT code 249.362-026), shipping clerk (DOT code 222.587-018), and clerk, general jobs (DOT code 209.562-010). (Tr. 72-74.) The reasoning level required to perform these jobs is listed in the Dictionary of Occupational Titles,[2] Scale of General Educational Development (GED).[3] (Doc. 14 at 19-22.) According to the DOT, these jobs have a reasoning level of 3 on the GED scale. The DOT defines level 3 reasoning as the ability to "[a]pply commonsense understanding to carry out instructions furnished in

---

[2] The Dictionary of Occupational Titles (DOT), published by the Department of Labor, contains descriptions of thousands of jobs available in the national economy, and is used by the Commissioner of Social Security to adjudicate benefit applications by claimants. *See* 20 C.F.R. § 404.1569.

[3] "General Educational Development (GED)" embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance. Ordinarily, such education is obtained in elementary school, high school, or college. However, it may be obtained from experience and self-study. DOT, App. C, § III, 1991 WL 688702 (last updated Jan. 1, 2016). The GED Scale includes three divisions: reasoning development, mathematical development, and language development. *Id*. Only the reasoning development scale is relevant here.

written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." U.S. Dept. of Labor, Dictionary of Occupational Titles, App. C, § III, Components of the Definition Trailer, 1991 WL 688702 (last updated Jan. 1, 2016).

Perez argues there is a conflict between the RFC, which limits her to understanding, carrying out, and remembering detailed but non-highly complex instructions and tasks (Tr. 20), and level 3 reasoning, which requires the ability to understand and carry out *any* instruction. (Doc. 14 at 19-21); *see also Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1315 (11th Cir. 2021) ("[L]evel 3 reasoning is different than level 1 and 2 reasoning because [it] lifts the restrictions on how complex the instructions can be—allowing for any instructions.").) The Court agrees.

The ALJ may rely on the testimony of a VE to make a finding, but an ALJ must identify and resolve any apparent conflicts between the VE's testimony and the DOT. Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 (Dec. 4, 2004). "SSR 00-4p is properly understood to impose an affirmative duty on the ALJs to identify apparent conflicts, ask the VE about them, and explain how the conflict was resolved in the ALJ's final decision." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1365 (11th Cir. 2018). An "apparent conflict" is "a conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony." *Id.*

4

The RFC here contains a limitation to performing detailed but non-highly complex instructions and tasks. Yet the ALJ failed to address this apparent conflict with the four jobs identified by the VE at the hearing and in the ALJ's decision, which require a higher level of reasoning. The conflict is apparent. *See Viverette*, 13 F.4th at 1316. Not only did the ALJ not address the conflict, she instead acknowledged that the RFC is more consistent with *level 2 reasoning*,[4] stating, "the evidence of record is persuasive in finding the claimant is more than capable of performing the jobs listed above, with tasks requiring a reasoning level of 2." (Tr. 12.) That statement is simply untrue. The identified jobs are all defined as reasoning level 3 on the GED scale. *See* DOT, App. C, § III, 1991 WL 688702. Thus, the ALJ erred in listing these jobs without identifying and resolving the apparent conflict. Many other courts have reached the same result. *See, e.g.*, *Bowman v. Colvin*, 228 F. Supp. 3d 1121 (D. Or. 2017), *Vanessa R. v. Comm'r of Soc. Sec.*, No. 3:18-CV-5719 JLR-JRC, 2019 WL 1586867, at *3 (W.D. Wash. Mar. 28, 2019), *Ebony B. v. Berryhill*, No. 5:18-CV-01063-GJS, 2019 WL 1296875 (C.D. Cal. Mar. 21, 2019).

---

[4] Level 2 reasoning requires that a claimant, "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, App. C, § III, 1991 WL 688702.

The record sheds no light on the discrepancy between the four jobs designated by the VE and the RFC. Neither the VE nor the ALJ took notice of, much less resolved, this apparent inconsistency at the hearing or otherwise.[5] Thus, reversal is appropriate. *See, e.g.*, *Viverette*, 13 F.4th at 1319.

The Court need not (and will not) address Perez's other arguments. Since this case is going back to the Commissioner, such issues will likely be reconsidered and the record could change. *See Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198, at *5 (M.D. Fla. Jan. 17, 2017); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986).

It is thus **ORDERED**:

1. The Commissioner's decision is **REVERSED and REMANDED** under 42 U.S.C. § 405(g) for the Commissioner to address the issues outlined above and take any other actions deemed necessary.

2. The Clerk is directed to enter judgment for Perez and against the Commissioner and close the file.

---

[5] The ALJ does make a boilerplate statement that she "complied with [SSR] 00-4p, which requires the undersigned to identify and obtain a reasonable explanation for any conflicts between the DOT and the [VE]'s testimony, the undersigned has not merely relied upon the job descriptions provided in the [DOT] but has instead relied on the [VE]'s testimony." (Tr. 11.) But nowhere in the decision does the ALJ explain how the VE's testimony accounts for the apparent conflict where the ALJ's hypothetical limited Perez to "detailed but non-highly complex instructions and tasks," and the VE supplied four occupations with a higher reasoning level. (Tr. 72-74.)

7

**ENTERED** in Fort Myers, Florida on December 23, 2024.

Kyle C. Dudek
United States Magistrate Judge